UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SCOTT DEMMONS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 06-56-B-W |
| | ) |
| JEFFREY MERRILL, et al., | ) |
| | ) |
| | ) |
| Defendants | ) |

*Recommended Decision on Motion to Dismiss*

Scott Demmons is a former inmate at the Maine State Prison who has filed two suits, through counsel, seeking redress for an assault he suffered at the hands of another inmate during his incarceration. In his earlier filed action, Civil No. 06-32-B-W, Demmons named as defendants Martin Magnusson, the Commissioner of the Maine Department of Corrections, Jeffrey Merrill, the Chief Administrative Officer of the Maine State Prison, and "Those unnamed corrections officers on duty at the Maine State Prison in Warren, Maine on February 2, 2005" (the day of Demmons's assault). Magnusson and Merrill filed a motion to dismiss the claims against them (Docket No. 6) arguing that these two defendants were being sued in their official capacities and that, this being the equivalent of suing the State of Maine, Demmons's claims against Magnusson and Merrill were barred by the doctrine of sovereign immunity. Although represented by counsel, Demmons did not respond to that motion by arguing that he is suing these two defendants in a different capacity and I recommended that the court grant the motion to dismiss.

In the present action Demmons does not name Magnusson as a defendants but does name Merrill, the Chief Administrator of the Maine State Prison, as well as the unnamed correction officers on duty on the day of the assault.  Merrill has filed a motion to dismiss the complaint as against him (Docket No. 4).  His motion argues that the complaint fails to state a claim against Merrill in his supervisory capacity because Demmons does not sufficiently plead an affirmative link between Merrill as supervisor and the alleged constitutional violation.

> Federal Rule of Civil Procedure 8(a)(2):
>
> provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).
>     Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.

Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-13 (2002).   Compare Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 151 (1st Cir. 2006) ("The court's analysis of supervisory liability and qualified immunity relied upon the appropriate standards because, although specificity is not required at the pleading stage, it is required at the summary judgment stage." (citing Swierkiewicz, 534 U.S. at 512)).

Guided by Federal Rule of Civil Procedure 8(a) and <u>Swierkiewicz</u>, I recommend that the Court deny Merrill's motion to dismiss.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 21, 2006            /s/ Margaret J. Kravchuk
                         U.S. Magistrate Judge